UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GRIGOR OGANESIAN,

Petitioner,

v.

WARDEN of the CALIFORNIA CITY
DETENTION CENTER,

Respondent.

No.  1:25-cv-01667-EFB

ORDER DENYING RESPONDENT'S
MOTION TO DISMISS

ORDER ENJOINING RESPONDENT FROM
TRANSFERRING PETITIONER FROM THE
CALIFORNIA CITY DETENTION CENTER
PENDING RESOLUTION OF THIS MATTER

Petitioner Oganesian is a noncitizen in the custody of Immigrations and Customs Enforcement (ICE) seeking habeas corpus relief.  ECF No. 1.  On November 26, 2025, petitioner filed a *pro se* petition for writ of habeas corpus.  *Id.*  Respondent subsequently filed a motion to dismiss on the ground that petitioner's single claim for violation of his due process rights was not ripe.  ECF No.11.  This court subsequently ordered counsel for petitioner to be appointed (ECF No. 13), and counsel filed an opposition to respondent's motion to dismiss.  ECF No. 19.  Respondent has not filed a reply.  For the following reasons, respondent's motion to dismiss is DENIED, and respondent is ordered to file an answer to the petition for writ of habeas corpus.

## BACKGROUND

Petitioner is a citizen of Russia and Armenia and alleges that he arrived in the United States seeking political asylum on or around August 26, 2022.  ECF Nos. 1 and 11.  Petitioner was released on or around August 28, 2022 and subsequently detained on or around September 18, 2024.  *Id.*; Declaration of Patrick J. Cruz (Cruz Decl.) ¶¶ 6-9; ECF No. 11.  According to

1

petitioner, at his subsequent immigration hearing he received relief under the Convention Against Torture (CAT). ECF No. 1 at 2, 10. Petitioner also alleges that there is no country to where he can safely be deported, and thus that he is subject to *de facto* indefinite detention.

Respondent's allegations are somewhat different. According to respondent, on or around November 7, 2025, an Immigration Judge ordered petitioner removed to Russia or Armenia, but deferred removal to both countries. Cruz Decl. ¶ 5, Ex. 2; ECF No. 11. Petitioner subsequently timely appealed, and that appeal remains pending. *Id.* at ¶¶ 5, 11; Ex. 3. The documents submitted by respondent, however, are heavily redacted, allegedly "pursuant to DHS policy." ECF No. 11 at 2. Due to the redactions, the court is unable to determine exactly what was decided by the Immigration Judge (IJ). For example, several of petitioner's applications for relief were denied by the IJ, but at least one was granted. *Id.* at 21. Exactly what was denied and granted is redacted. ECF No. 11 at 21.

Respondent did not file a request to submit redacted documents, has not submitted the unredacted documents under seal for *in camera* review, and has submitted no justification or argument for the alleged "policy" requiring redaction. Instead, respondent avers in a footnote with no supporting affidavit or declaration that "DHS confirmed that Petitioner was granted deferred removal as to both Russia and Armenia" but does not state which of petitioner's applications for relief were denied and which were granted. Despite the lack of clarity on the factual issues and respondent's failure to either confirm or deny petitioner's allegations that he was granted relief under the CAT, respondent does admit that petitioner's removal was deferred. ECF No. 11 at 12. In addition, it seems clear that petitioner did appeal the IJ's order (ECF No. 26), although the redactions make it impossible to determine what issues are currently under appeal.

## LEGAL STANDARD

In the context of federal habeas claims, a motion to dismiss is construed as arising under rule 4 of the Rules Governing Section 2254 in the United States District Courts which "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (quoting *Gutierrez v. Griggs*, 695

2

F.2d 1195, 1198 (9th Cir. 1983)).   Accordingly, a respondent is permitted to file a motion to dismiss in lieu of an answer to the petition, and the court should use Rule 4 standards in reviewing the motion.  *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982). Rule 4 specifically provides that a district court may dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that petitioner is not entitled to relief in the district court ...." Rule 4, Rules Governing Section 2254 Cases.

## ANALYSIS

Respondent argues that the petition must be dismissed because petitioner is subject to mandatory detention under 8 U.S.C. § 1225.  Specifically, respondent maintains that petitioner meets the definition codified in section 1225(a), of  "an applicant for admission", as he is an alien "who 'is present' in the United States but 'has not been admitted' to the United States," thereby subjecting him to the mandatory detention provisions of § 1225(b)(2)(A).  ECF No. 7 at 2 (quoting 8 U.S.C. § 1225(a)(1)).  Respondent also argues that any such detention is not indefinite because petitioner's removal proceedings are pending, and thus that petitioner's claim is not ripe for decision by this court.

Respondent is incorrect.  To begin with, petitioner is not subject to mandatory detention under 8 U.S.C. § 1225.  As respondent acknowledges, "the majority of courts have found similarly situated petitioners to be subject to Section 1226 and not Section 1225."  ECF No. 11 at 9.  Respondent does not dispute that petitioner presented himself at the United States border on August 26, 2022 and was subsequently released into the United States pending removal and asylum proceedings on August 28, 2022.  ECF Nos. 1 and 11.[1]  Because petitioner was released pending removal proceedings, his eligibility for a bond hearing is evaluated pursuant to 8 U.S.C. § 1226.  Section 1226 "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citation omitted).  Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of a[] [noncitizen] 'pending a

---

[1] Respondent specifically acknowledges that petitioner was "paroled unto the United States pending his removal proceedings in Immigration Court."  ECF No. 11 at 2.

decision on whether the [noncitizen] is to be removed from the United States'" and "'may release' a[] [noncitizen] detained under § 1226(a) 'on . . . bond' or 'conditional parole,'" except as provided under section 1226(c). *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting 8 U.S.C. § 1226(a)); *see also Thuraissigiam*, 591 U.S. at 108. Respondents do not argue that the exceptions of section 1226(c) are implicated here. *See* ECF No. 7.

Once a noncitizen is conditionally released or paroled under section 1226(a), the statute and regulations guarantee him certain protections before he is re-detained or removed. The Court of Appeals has summarized:

> Under § 1226(a) and its implementing regulations, a detainee may request a bond hearing before an IJ at any time before a removal order becomes final. *See* 8 C.F.R. §§ 236.1(d)(1), 1003.19. If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the IJ will order his release. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); *see also Matter of Barreiros*, 10 I. & N. Dec. 536, 537–38 (B.I.A. 1964). The IJ considers various factors in making this determination, including the individual's ties to the United States as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country. *Matter of Guerra*, 24 I. & N. Dec. at 40. The IJ also decides whether bond or other conditions on the alien's release are appropriate. *Id.*; *see* 8 U.S.C. § 1226(a)(2). The detainee may be represented by counsel and can submit evidence in support of his claims. *See* 8 C.F.R. § 1003.19(b); *Matter of Fatahi*, 26 I. & N. Dec. 791, 792 (B.I.A. 2016). He can also appeal an adverse decision to the BIA. *See* 8 C.F.R. § 236.1(d)(3).
>
> On top of this, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. *See* 8 C.F.R. § 1003.19(e). The same procedures apply to this new hearing, and its outcome is also appealable to the BIA. *See generally id.* § 1003.19.

*Rodriguez Diaz*, 53 F.4th at 1197.

Respondent asserts that none of these provisions apply to petitioner, notwithstanding his release in 2022. Per respondent, the Government is required to detain petitioner pursuant to section 1225(b)(2)(A). Section 1225(b) reflects a specific "supplement [to] § 1226's detention scheme." *Rodriguez Diaz*, 53 F.4th at 1197. It "applies primarily to [noncitizens] seeking entry into the United States ('applicants for admission' in the language of the statute)." *Jennings*, 583

4

U.S. at 297; *see* 8 U.S.C. § 1225(b) ("Inspection of applicants for admission").  Under this section, an "applicant for admission" is defined as "[a] . . . [noncitizen] present in the United States who has not been admitted or who arrives in the United States[.]" 8 U.S.C. § 1225(a)(1); *see Jennings*, 583 U.S. at 287.  Under section 1225(b)(2)(A), ICE is required to detain certain "if the examining immigration officer determines that [the] alien seeking admission is not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2)(A); *see Rodriguez Diaz*, 53 F.4th at 1197.

Respondent's position is unpersuasive.  As numerous courts have also held, section 1225(b) cannot apply to those noncitizens who are already present in the United States and who had previously been released under section 1226(b).  *See generally Menjivar Sanchez v. Wofford*, No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3-7 (E.D. Cal. Oct. 17, 2025) (collecting cases); *see also Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1258-61 (W.D. Wash. 2025); *Reyes v. Larose, et al.*, No. 25-CV-2938 JLS (VET), 2025 WL 3171743, at *5 (S.D. Cal. Nov. 13, 2025); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4-9 (E.D. Cal. Sept. 23, 2025): *Salvador v. Bondi*, No. 2:25-CV-07946-MRA-MAA, 2025 WL 2995055, at *7 (C.D. Cal. Sept. 2, 2025); *Gomes v. Hyde*, No. 1:25-CV-11571-JEK, 2025 WL 1869299, at *5-7 (D. Mass. July 7, 2025).  The court adopts the cogent, detailed statutory analyses set forth in *Menjivar Sanchez v. Wofford*, No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3-7 (E.D. Cal. Oct. 17, 2025); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1258-61 (W.D. Wash. 2025); and *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4-9 (E.D. Cal. Sept. 23, 2025).

In short, respondent's urged interpretation of section 1225(b) is untenable under principles of statutory construction because it "would render superfluous provisions of Section 1226 that apply to certain categories of inadmissible noncitizens," *Rodriguez*, 779 F. Supp. 3d at 1258-59; *see also Gomes*, 2025 WL 1869299, at *7, and because it creates irreconcilable contradictions in the statutory scheme as a whole.  *See Salcedo Aceros*, 2025 WL 2637503, at *8.  Respondent's interpretation also conflicts with the legislative history of 8 U.S.C. § 1226, *Rodriguez*, 779 F. Supp. 3d at 1260, and the longstanding practices of the Department of Homeland Security, which

"inform[s]" the courts' understanding of the law. *Id*. at 1260-61 (*quoting Loper-Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *see also Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *4 (N.D. Cal. Sept. 12, 2025). For all of these reasons, the court finds that respondent is incorrect that petitioner is subject to mandatory detention under section 1225. Rather, petitioner has established that his eligibility for bond should be evaluated under section 1226, and thus his claim is ripe. Petitioner has been in custody for more than 17 months, and the record indicates that he would be a strong candidate for release.

Respondent also argues that petitioner's allegations are insufficient to warrant habeas relief because they are conclusory. Again, respondent is incorrect. Petitioner has provided a clear and concise description of his claim for relief, supported by a declaration averring, *inter alia*, the relevant facts of his arrival into the United States, his subsequent release, his claim for asylum, his lengthy detention despite his success on at least one of claims before the IJ, the failure of DHS to provide him with a bond hearing, his ties to the community, and his clean record. ECF No. 1. Respondent's primary argument that the petition is insufficient is that, even though petitioner has demonstrated that his removal to Russia or Armenia, where he is a citizen, has been deferred, petitioner has failed "to explain or provide evidence that there is no significant likelihood of removal in the reasonably foreseeable future to a third-country." ECF No. 11. This is patently ridiculous. Respondent does not and cannot cite to any case that establishes that a detained petitioner bringing a due process claims, who has not been afforded a bond hearing and whose removal has been deferred, must detail in the petition that the government may eventually attempt to remove him to some third country. Should respondent wish to make this argument as an affirmative defense in the answer to the petition, respondent is free to do so, subject to the restrictions of Rule 11, but petitioner is not required to discuss potential third country removal in his petition for habeas relief.

In sum, the claims in the petition are ripe, and are neither cursory nor vague. Respondent's motion to dismiss is DENIED. The court will proceed to consideration of the merits of the petition after filing of the briefing ordered below.

////

**CONCLUSION AND ORDER**

Accordingly, for the reasons stated herein, the court HEREBY ORDERS that:

1.  Respondent's motion to dismiss (ECF No. 11) is DENIED.

2.  Respondent is ENJOINED AND RESTRAINED from transferring petitioner to a facility other than the California City Detention Center.

3.  Respondent is ordered to file an answer on the merits of the petition for habeas corpus (ECF No. 1) within seven days of the date of this order.

4.  Should petitioner choose to file a reply, he must do so within seven days of the date of respondent's answer.

5.  Along with the answer, respondent is ordered to file unredacted copies of all the exhibits respondent has already filed. Any additional exhibits should also be filed without redactions. Should respondent ascertain that there are valid reasons to file redacted exhibits, respondent should address those in a relevant pleading and request permission to file the documents under seal.

Dated: March 17, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7