# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRIGOR OGANESIAN, A-241-965-790, | No. 1:25-cv-01667-EFB |
| Petitioner, | |
| WARDEN OF CALIFORNIA CITY DETENTION CENTER, | ORDER (ECF Nos. 1, 14, 20) |
| Respondent. | |

Petitioner is a person detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, the court grants the writ.

## REQUEST TO PROCEED IN FORMA PAUPERIS

Petitioner has requested to proceed in forma pauperis. ECF No. 14. Examination of petitioner's in forma pauperis application reveals that he is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. *See* 28 U.S.C. § 1915(a).

## BACKGROUND

### A. Factual Background

Petitioner initiated this action on November 26, 2025, seeking a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. In his petition, he alleges that he is a citizen of Russia and Armenia, and a noncitizen of the United States who is subject to an order of removal. ECF No. 1 at 6, 10. He alleges that he is currently detained in a detention facility pending immigration removal proceedings and has been detained since September 18, 2024. *Id*. at 5. He alleges that,

1

during his detention, he has not been provided hearing before a neutral decisionmaker at which his bond-worthiness is determined. *Id*. at 5, 6, 10, 11. Petitioner asserts one claim for relief – that his due process rights are violated by his ongoing detention without an individualized hearing before a neutral decision-maker wherein he is determined to be either a flight risk or danger to the community. *Id*. at 6. As relief, he requests the court order his immediate release or, alternatively, order a bond hearing before a neutral decisionmaker. *Id*. at 6.

In their Answer to petitioner's petition, respondent does not dispute petitioner's factual allegations. Respondent contends, and supports with documentary evidence, that petitioner entered the United States on or about August 26, 2022, and was released on parole by the Department of Homeland Security on August 28, 2022, pending removal proceedings. ECF No. 22 at 2 & Ex. 1. The same day, he was issued a Notice to Appear charging him with removability pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. *Id*.

Respondent does not dispute that petitioner was arrested by Immigration and Customs Enforcement (ICE) on September 18, 2024. ECF No. 22 at 2. On November 7, 2025, an Immigration Judge ordered Petitioner removed to Russia or, in the alternative, to Armenia, but granted a deferral of removal to both countries pursuant to the Convention Against Torture. *Id*. at 2 & Ex. 2. Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals on December 4, 2025. *Id*. at 2 & Ex. 3. That appeal remains pending. *Id*. at 2; *see also* ECF No. 11 & Declaration of Patrick Cruz ¶ 11.

In his Traverse, petitioner does not dispute the factual representations set forth in the Answer. ECF No. 23 at 1-2.

**B. Procedural Background**

Petitioner initiated this action in propria persona on November 26, 2025. ECF No. 1. On December 16, 2025, the matter was assigned to the undersigned on the consent of the parties. ECF No. 10. On December 23, 2025, respondent moved to dismiss, on the grounds that petitioner's detention is authorized under 8 U.S.C. § 1225(b)(2) and, to the extent petitioner alleged his detention was unlawful under 8 U.S.C. § 1231(a)(6), such a claim was unripe. ECF No. 11. On January 9, 2026, petitioner moved to proceed in forma pauperis, ECF No. 14, and the

undersigned sua sponte appointed counsel for petitioner, ECF No. 13, who filed an opposition to the motion to dismiss on February 9, 2026. ECF No. 19. On March 13, 2026, petitioner moved for expedited consideration of the merits of his petition. ECF No. 20. On March 17, 2026, the undersigned denied the motion to dismiss and set a schedule for respondent to file an answer to the petition and petitioner to file a traverse. ECF No. 21. Respondent timely filed an Answer on March 24, 2026, ECF No. 22, and petitioner timely filed a Traverse on March 27, 2026. ECF No. 23.

**LEGAL STANDARD**

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

**DISCUSSION**

In his petition, petitioner raises a single claim for relief – that his ongoing detention without a bond hearing violates his due process rights under the Fifth Amendment. ECF No. 1 at 7. For the reasons explained below, the undersigned grants the petition.

To determine whether civil detention violates a detainee's Fifth Amendment procedural due process rights, courts apply the three-part test articulated in *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976). Under *Mathews*, courts weigh three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.; see also Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989) ("We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State, . . . the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient").

3

### 1. First *Mathews* Factor

Here, the first *Mathews* factor favors petitioner. Petitioner has shown that he possesses a significant liberty interest to which his due process rights attach. *See* ECF No. 1 at 10; ECF No. 23 at 4-7. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Even when a statute allows the government to arrest and detain an individual, a protected liberty interest under the Due Process Clause may entitle the individual to procedural protections not found in the statute. *See id*. (Due Process requires pre-deprivation hearing before revocation of preparole); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (same, in parole context). To determine whether a specific conditional release rises to the level of a protected liberty interest, "[c]ourts have resolved the issue by comparing the specific conditional release in the case before them with the liberty interest in parole as characterized by *Morrissey*." *Gonzalez-Fuentes v. Molina*, 607 F.3d 864, 887 (1st Cir. 2010) (internal quotation marks and citation omitted).

In *Morrissey*, the Supreme Court explained that parole "enables [the parolee] to do a wide range of things open to persons" who have never been in custody or convicted of any crime, including to live at home, work, and "be with family and friends and to form the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. "Though the [government] properly subjects [the parolee] to many restrictions not applicable to other citizens," such as monitoring and seeking authorization to work and travel, his "condition is very different from that of confinement in a prison." *Id.* "The parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Id.* The revocation of parole undoubtedly "inflicts a grievous loss on the parolee." *Id.* (quotations omitted). Therefore, a parolee possesses a protected liberty interest in her "continued liberty." *Id.* at 481-84.

Petitioner's release was similar. Petitioner was released by the Department of Homeland Security in 2022 under a supervised release program (*see* ECF No. 1 at 10-11; ECF No. 22 at 2 & Ex. 1), reflecting the Department's determination that he did not pose a flight risk or danger to the

4

community.  *See Saravia v. Sessions*, 280 F. Supp. 3d 1176 1176 (N.D. Cal. 2017); 8 C.F.R. § 1236.1(c)(8).  In the intervening three years, he has created and maintained ties to his local community, rendering his liberty interest legally indistinguishable from that of the plaintiff in *Morrissey*.  *See Morrissey*, 408 U.S. at 482; *but see Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) (observing that, "[g]iven the civil context [of the immigration proceeding], [the noncitizen detainee's] liberty interest is arguably greater than the interest of parolees in *Morrissey*").

Respondent argues that the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq., provides for the mandatory detention of petitioner because petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b), and, as such, petitioner possesses "no liberty interest" in not being detained that is cognizable under the due process clause.  ECF No. 11 at 3.  For the reasons explained in the court's March 17, 2026 Order, this position is unavailing, as § 1225(b)(2) cannot properly be interpreted to apply to noncitizen aliens like petitioner, who had previously been detained then released on conditional release or parole.  *See* ECF No. 21 at 3-6.  In *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022), the Court of Appeals held that noncitizen aliens have a Fifth Amendment due process interest in freedom from prolonged detention, including in an individualized bond hearing before an immigration judge.  This accords with the Supreme Court's recognition that in *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001), that "the Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent," and that these due process rights extend to deportation proceedings.  *Demore v. Kim*, 538 U.S. 510, 523 (2003) (holding noncitizen is entitled to due process in deportation proceedings); *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."); *see also Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017) (holding that a noncitizen detained under 8 U.S.C. § 1226(a) possessed a liberty interest in freedom from detention cognizable under the Due Process Clause); *Diouf v. Napolitano*, 634 F.3d 1081, 1086-87 (9th Cir. 2011), *abrogated on other grounds as recognized in Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200-01 (9th Cir.

5

2022) (holding that "[r]egardless of the stage of the proceedings," that a noncitizen finds themselves in the immigration process, "the same important interest is at stake—freedom from prolonged detention").

Respondent argues that, notwithstanding these precedents, 8 U.S.C. § 1225(b) requires the mandatory detention of persons, like petitioner, who are "applicants for admission" under that statutory section. ECF No. 22 at 3; *see* ECF No. 11 at 8-9. [1] Per respondent, this has the effect of rendering those persons without a liberty interest in not being detained within the meaning of the due process clause of the Fifth Amendment. *See* ECF No. 22 at 3. For the reasons set forth in *Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025), and *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025), the court finds that petitioner has shown that he had a protected liberty interest in remaining free from detention, by virtue of his having been released previously onto supervised release, and that that liberty interest was not abrogated by 8 U.S.C. § 1225(b)'s provision for mandatory detention, as such provision does not apply to persons, like petitioner, who have been detained initially then released under some form of supervision. *See Mariagua*, No. 1:25-CV-01744-DJC-CSK, 2025 WL 3551700, at *2; *see also Menjivar Sanchez v. Wofford*, No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *3-7 (E.D. Cal. Oct. 17, 2025); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1258-61 (W.D. Wash. 2025); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4-9 (E.D. Cal. Sept. 23, 2025).

Accordingly, the court finds that, pursuant to *Morrissey* and its progeny, petitioner does have a liberty interest in his release, implicating his rights under the Fifth Amendment's Due Process clause. *See, e.g., Ortega*, 415 F. Supp. 3d at 970 (reaching the same conclusion for a

---

[1] Respondent also argues that, to the extent petitioner alleges that he is subject to the detention provision of 8 U.S.C. § 1231(a)(6), that claim is unripe, as petitioner's removal order has not yet become final. ECF No. 22 at 4-6; *see generally Johnson v. Guzman Chavez*, 594 U.S. 523, 533-34 (2021) (explaining that § 1231 governs detention of aliens whose removal orders have become administratively final, while sections 1225 and 1226 govern detention of aliens during removal proceedings). In his Traverse, petitioner agrees and clarifies that his due process claim is premised on an argument that 8 U.S.C. § 1226, not section 1231, governs his current detention. ECF No. 23 at 3.

paroled noncitizen); *Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5 (E.D. Cal. Dec. 11, 2025) (same); *Reyes v. Larose, et al.*, No. 25-CV-2938 JLS (VET), 2025 WL 3171743, at *5 (S.D. Cal. Nov. 13, 2025) (same); *Rodriguez Rodriguez v. Kaiser*, No. 1:25-cv-01111-KES-SAB, 2025 WL 2855193, at *5-6 (E.D. Cal. Sept. 4, 2025) (same); *Arzate v. Andrews*, No. 1:25-cv-00942-KES-SKO, 2025 WL 2230521, at *4 (E.D. Cal. Aug. 4, 2025) (same); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

### 2. Second *Mathews* Factor

The second *Mathews* factor also weighs in favor of provision of a bond hearing. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690; *J.P.*, 685 F. Supp. 3d at 948. Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

////

////

7

### 3. Third *Mathews* Factor

Petitioner also has shown that the third *Mathews* factor weighs in his favor. "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. The effort and cost required to provide petitioner with procedural safeguards are minimal. *See Labrador-Prato v. Noem,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5 (E.D. Cal. Dec. 2, 2025) ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the undersigned finds respondent's interest in detaining petitioner without an individualized bond determination, at a hearing before an Immigration Judge empowered to set bond, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his detention violates his procedural due process rights under the Fifth Amendment, entitling him to habeas corpus relief.

### 4. Request to Hold Proceedings in Abeyance

Respondent briefly argues that the court should hold the proceedings in abeyance pending the Court of Appeals' decision in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.). ECF No. 22 at 3, 6-7. Respondent has made no showing that holding the case in abeyance is proper in this case, or that a hardship or inequity would result from failing to hold the case in abeyance. *See Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); ECF No. 22 at 3, 6-7. The court therefore denies the request.

### 5. Request to Proceed In Forma Pauperis

Finally, pending before the court is petitioner's request to proceed in forma pauperis. ECF No. 14. Examination of petitioner's in forma pauperis application reveals that he is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. *See* 28 U.S.C. § 1915(a).

/////

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that:

(1) Petitioner's Motion to Proceed In Forma Pauperis (ECF No. 14) is GRANTED;

(2) Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED;

(3) Respondent is ORDERED to release petitioner Grigor Oganesian (A-241-965-790) immediately;

(4) Until petitioner's removal proceedings are final, respondent is ENJOINED and RESTRAINED from re-detaining petitioner unless the government provides notice to petitioner a minimum of seven (7) days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations;

(5) The Clerk of the Court is directed to serve the California City Detention Center with a copy of this Order; and

(6) The Clerk of the Court is directed to enter judgment and to close this case.

Dated: April 8, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9